# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LABORERS' COMBINED FUNDS<br>OF WESTERN PENNSYLVANIA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 15-218 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| TRAFFIC TECHNOLOGIES, INC., | ) | Magistrate Judge Lisa Pupo Lenihan |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff's Amended Motion for Default Judgment (Doc. 8) will be granted, as follows.

Plaintiff's Motion asserts that the amounts of interest, liquidated damages/late charges, and

attorneys' fees are identified in the CBA. *See* Pl.'s Mot. at ¶¶ 8-9. To establish these amounts,

Plaintiff refers back to the allegations in the Complaint. *See, e.g., id.* at ¶ 10 (citing ¶ 7 of

Complaint). The Complaint, however, likewise fails to identify relevant provisions of the CBA.

*See* Compl. at ¶ 7 (stating amounts owed, but failing to identify supportive provisions of CBA).

The Court independently has reviewed Plaintiff's documents and has found provisions

confirming the rates claimed. *See, e.g.*, Doc. 9-6 at Art. XXXVII, § 3 (interest rate is 1 ¼ %,

attorney's fees are 20%, *et cetera*). While the Court is mindful of Plaintiff's desire to save time

and contain costs, the Court <u>cannot</u> condone the "cutting of corners," or the shifting of burdens

from counsel to the Court in identifying adequate support for requested relief.[1]

---

[1] *Cf. also, e.g.*, text Order dated Mar. 4, 2014 in Civil Action No. 14-126 (W.D. Pa.) (ordering same counsel to provide citations "to specific portions of the agreement supporting their position regarding damages, interest, costs and fees," and noting, "[t]he Court has specifically instructed [p]laintiffs' [c]ounsel to provide such [information] on numerous prior occasions").

Continued on next page...

These things being said, and given the Court's independent determination that supportive provisions are contained in the CBA documents, Plaintiff's Amended Motion for Default Judgment (**Doc. 8**) is **GRANTED**.  Thus, Judgment hereby is entered as follows:

## COUNT I

### Laborers' Combined Funds of Western Pennsylvania, *et al.*, v. Traffic Technologies, Inc., a/k/a Traffic Technologies

Judgment is entered in favor of Plaintiff(s) and against Defendant Traffic Technologies, Inc., a/k/a Traffic Technologies, in the amount of $48,610.31, plus additional interest from April 10, 2015 at the rate of 1¼ % per month.

## COUNT II

### Laborers' Combined Funds of Western Pennsylvania, *et al.*, v. Gary J. Cangey

Judgment is entered in favor of Plaintiff(s) and against Defendant Gary J. Cangey in the amount of $164,849.88, plus additional interest from April 10, 2015 at the rate of 1 ¼ % per month.

## COUNT III

### Laborers' Combined Funds of Western Pennsylvania, *et al.*, v. Gary J. Cangey

Judgment is entered in favor of the Plaintiff(s) and against the Defendant Gary J. Cangey in the amount of $14,426.75, plus additional interest from April 10, 2015 at the rate 1 ¼ % per month.

---

It is not the Court's proper function to provide paralegal services for the parties and their lawyers.  In the future, counsel should expect similarly unsupported motions to be summarily denied.

IT IS SO ORDERED.


April 20, 2015                                    s\Cathy Bissoon
                                                  Cathy Bissoon
                                                  United States District Judge


cc (via ECF email notification):

All Counsel of Record